**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1959

HAILU SEBSIBE,

Petitioner,

versus

JOHN D. ASHCROFT, Attorney General for the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-600-206)

Submitted: February 19, 2004        Decided: March 16, 2004

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Aragaw Mehari, Washington, D.C., for Petitioner. Peter D. Keisler,
Assistant Attorney General, Terri J. Scadron, Assistant Director,
S. Nicole Nardone, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Hailu Sebsibe, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Sebsibe's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Sebsibe challenges the immigration judge's finding that he failed to demonstrate past persecution or a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We have reviewed the immigration judge's decision and the administrative record and find that the record supports the immigration judge's conclusion that although Sebsibe's testimony was credible, he failed to establish his eligibility for asylum on a protected ground. See 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish his eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Sebsibe seeks.

Additionally, we uphold the immigration judge's denial of Sebsibe's application for withholding of removal. The standard for

withholding of removal is more stringent than that for granting asylum. <u>Chen v. INS</u>, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). Because Sebsibe fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, we conclude that Sebsibe has failed to prove that it is more likely than not that he would be subjected to torture upon his return to Ethiopia, in violation of the Convention Against Torture. Based on our review of the record and the immigration judge's decision denying relief, we find that Sebsibe failed to show a "clear probability of persecution" or show that it is "more likely than not" that he would face torture if returned to Ethiopia. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>